

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-14-2009

# In Re: Philip Frazier

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3145

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Philip Frazier " (2009). *2009 Decisions.* Paper 665.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/665

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3145
_____

IN RE: PHILIP FRAZIER,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 07-cv-00194)
District Judge: Honorable Christopher C. Conner
Magistrate Judge: Honorable Malachy E. Mannion

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 31, 2009
Before:  SCIRICA, Chief Judge  WEIS AND GARTH, Circuit Judges
Opinion filed: September 14, 2009

_____

OPINION
_____

PER CURIAM.

On July 27, 2009, Philip Frazier filed this pro se mandamus petition seeking

review of the Magistrate Judge's refusal to recuse himself from presiding over pretrial

1

matters in Frazier's pro se civil rights action.[1]  For the reasons that follow, we conclude that mandamus relief is not warranted.

Frazier, an inmate at SCI Rockview, filed an action pursuant to 42 U.S.C. § 1983 against prison officials at SCI Smithfield, the prison where Frazier had previously been incarcerated.  He alleged that he received what the prison medical staff claimed were immunizations for pneumonia and tetanus, but were actually, according to Frazier, injections containing atropine and scopolamine derivatives, as well as something that Frazier called "atropoline."

Throughout the course of the pretrial proceedings, Frazier repeatedly filed motions to compel discovery, seeking the disclosure of the names of the staff members who attended to him while he received his immunizations, as well as his medical and psychiatric records.  The Magistrate Judge repeatedly denied these motions on the ground that Frazier could access the requested information by following the procedures outlined in the Pennsylvania Department of Corrections policy for "Release of Information."  Frazier moved for recusal of the Magistrate Judge pursuant to 28 U.S.C. 455, arguing that the Magistrate Judge attempted to prevent Frazier from accessing the evidence that he needed to litigate his claim.  The Magistrate Judge denied the motion.  Frazier then filed

---

[1]  We also have the benefit of an addendum that Frazier filed on August 20, after the Magistrate Judge recommended that Frazier's action be dismissed.  As of this writing, the District Court has not acted on the Magistrate Judge's recommendation.

2

this petition for mandamus.[2]

Mandamus is a proper means by which we review the denial of a recusal motion filed pursuant to § 455.[3] Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). We would grant mandamus relief only if a judge's refusal to recuse were egregious. See, e.g., In re Antar, 71 F.3d 97, 101 (3d Cir. 1995). Our inquiry is "whether the record, viewed objectively, reasonably supports the appearance of prejudice or bias." Id. "[J]udicial rulings alone almost never constitute a valid basis for a bias or impartiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).

Here, the record does not reasonably support the appearance of bias or prejudice on the part of the Magistrate Judge. Certainly, the Magistrate Judge's rulings denying Frazier's discovery motions did not constitute such a gross abuse of discretion that recusal is required. To the extent that Frazier claims error in the Magistrate Judge's rulings, Frazier can appeal after the case is disposed of in the District Court. See id. ("[a]lmost invariably, [judicial rulings] are proper grounds for appeal, not for recusal.").

Accordingly, we will deny Frazier's mandamus petition.

---

[2] Frazier first filed a motion for a "writ of mandamus" in the district court, also seeking recusal of the Magistrate Judge. The District Court declined to take action on the motion.

[3] Frazier did not seek relief pursuant to 28 U.S.C. § 144. Mandamus relief is an improper means of correcting a judge's refusal to recuse himself pursuant to § 144. See In re School Asbestos Litigation, 977 F.2d 764, 776 (3d Cir. 1992).